## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK ALLEN WASMUTH and | ) | Case No. 09-80353 |
| MERIDITH PHILLIPPI WASMUTH | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

### <u>MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE</u>

This matter came before the Court for hearing on April 6, 2010 upon the Motion to Vacate Judgment or, in the Alternative, Request to Rehear (the "Motion to Vacate") filed by the above-referenced debtors (the "Debtors") on March 1, 2010.  At the hearing, the Male Debtor appeared pro se, Benjamin A. Kahn appeared on behalf of First Bank, Matthew T. McKee appeared on behalf of CitiMortgage, and Michael D. West appeared in his capacity as the United States Bankruptcy Administrator.  After a review of the Motion to Vacate, the arguments of the parties, the entire official file, and the relevant law, the Court will deny the Motion to Vacate.

The Debtors own real property at 65 David Miller Court, Chapel Hill, NC 27517 (the "Property").  Debtors are indebted to Citimortgage and First Bank, with said indebtedness secured by liens on the Property.  On April 16, 2009, Citimortgage filed a motion for relief from the automatic stay to enforce its state court rights as to the Property.  On May 8, 2009, this Court denied Citimortgage's motion upon certain conditions, which required the Debtors to make timely payments to both Citimortgage and First Bank (the "Order Denying Relief").  The Order Denying Relief provided that the failure of the Debtors to meet any of the stated conditions would give Citimortgage and First Bank cause to file an emergency motion to lift the stay.

On January 4, 2010, Citimortgage filed a renewed motion for relief from stay.  On

January 5, 2010, First Bank filed its Motion for Relief from the Automatic Stay (the "Motion").

The Debtors filed a response to each of the motions, requesting that they be denied.  On

February 9, 2010, the Court held a hearing on the motions.  The Debtors did not appear at the

hearing or request that it be continued.  Both Citimortgage and First Bank presented evidence

that the Debtors had not made the required payments.  The Court found cause to lift the

automatic stay as to both Citimortgage and First Bank, as the Debtors failed to meet the

conditions of the Order Denying Relief.  On February 10, 2010, the Court entered an order (the

"Order Granting Relief") granting First Bank's Motion.  On February 18, 2010, the Court

entered an order granting Citimortgage's Motion to Modify Stay.  The Debtors did not appeal

either order.  Then on March 1, 2010, the Debtors filed the Motion to Vacate.  The Debtors seek

relief from the Order Granting Relief and a rehearing on First Bank's Motion.  Curiously, the

Debtors did not request that the Court vacate its order granting relief from stay to Citimortgage.

      The Debtors do not state a basis for their Motion to Vacate.  Rather, the Male Debtor

argues that he was unable to attend the hearing on February 9, 2010, due to inclement weather in

Virginia where he was working.  As the Debtors filed the Motion to Vacate after the fourteen

day time period for filing motions to alter or amend judgment under Rule 59 of the Federal Rules

of Civil Procedure, the Court will treat the Motion to Vacate as a motion under Rule 60.

      Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a

final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is

no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The primary ground under Rule 60(b) to relieve a party from a judgment or order is "mistake, inadvertence, surprise, or excusable neglect."  Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988).  In determining whether a party's neglect is excusable, the Court should take into account all relevant circumstances including, the danger of prejudice to nonmovants, the length of the delay, the reason for the delay, and whether the movant acted in good faith.  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395 (1993).  The movant must also show a meritorious defense to the prior proceeding or order.  Augusta, 843 F.2d at 812; Moeller v. D'Arrigo, 163 F.R.D. 489, 492 (E.D. Va. 1995) (citing Nat'l Credit Union Admin. Board v. Gray, 1 F.3d 262, 264 (4th Cir. 1993)).  "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim."  Augusta, 843 F.2d at 812.

At the hearing, the Male Debtor merely reiterated that he was unable to attend the February 9, 2010 hearing due to inclement weather.  The Male Debtor offered no explanation as to why the Female Debtor could not attend the hearing or why neither of them requested a continuance.  Moreover, the Male Debtor did not offer any evidence of a meritorious defense of First Bank's Motion.  Based on the relevant circumstances of this case, the Court finds that the Debtors have not shown excusable neglect.  Therefore, the Motion to Vacate is denied.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION**

IN RE:                                         )
                                               )
MARK ALLEN WASMUTH and                         )        Case No. 09-80353
MERIDITH PHILLIPPI WASMUTH                     )
                                               )
          Debtors.                             )
_____)

<u>PARTIES IN INTEREST</u>

Mark and Meridith Wasmuth

Matthew T. McKee, Esquire

Citimortgage, Inc.

Benjamin A. Kahn, Esquire

First Bank

Michael D. West, Esq.